UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO. 6:26-cr-17-CEM-NWH

PETER HOLLY

**THE UNITED STATES' MOTION IN LIMINE**

In advance of the trial in the above-captioned case, the United States respectfully requests that the Court preclude the defendant from using the recorded video of his consensual interview at his home at trial. In support, the United States states as follows:

**<u>PROCEDURAL BACKGROUND</u>**

On January 28, 2026, a federal grand jury returned an indictment charging the defendant with one count of false statement claiming citizenship to register to vote in violation of 18 U.S.C. § 1015(e) and one count of voting by aliens in violation of 18 U.S.C. § 611. Doc. 1. The United States provided discovery to the defendant on February 3, 2026, and requested reciprocal discovery including "any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in their case in chief at trial." *See* Exh. 1, Discovery Letter. This case is set for trial on October 7, 2026.

## STATEMENT OF FACTS

On July 31, 2025, Homeland Security Investigations Special Agent Ryan Callahan conducted a consensual interview at the defendant's home. During this interview, Special Agent Callahan asked the defendant about how he registered to vote and how he subsequently voted in the election. Special Agent Callahan did not record this interview.

On May 7, 2026, the defendant's counsel sent the United States three video clips from the consensual interview that occurred at the defendant's home on July 31, 2025. Each video clip was approximately one minute in length and appeared to be from a home security camera set up in the defendant's living room.

The United States requested a copy of the full video in order to review it in its entirety. The defendant's counsel refused to send the United States the entire video and stated that he would not be using the video in the defendant's case in chief nor would he use it to impeach Special Agent Callahan, therefore, he was not required to produce it as part of his obligations under reciprocal discovery.

## ARGUMENT

The Court should exclude the video recording of the consensual interview between Special Agent Callahan and the defendant. Defense counsel has stated that he does not intend to use the interview video in his case-in-chief or for impeachment. Nevertheless, the United States seeks a ruling in advance to ensure the defendant does not attempt to introduce the video at trial after previously denying its use.

The Court should also exclude any attempt by the defendant to introduce the

2

video recording of his consensual interview with Special Agent Callahan. Defense counsel has unequivocally stated that he does not intend to use the recording in his case-in-chief or for impeachment. The United States has prepared for trial in reliance on that representation. Allowing the defendant to reverse course and seek admission of the video would create unfair surprise, prejudice the United States, and disrupt the orderly presentation of evidence. Courts have inherent authority to prevent such tactical shifts that risk misleading the parties or the jury.

Due to the way the United States received the videos, the United States did not believe they had a basis to file a motion to compel. Rule 410 of the Federal Rules of Evidence prevents the United States from using statements made during plea discussions with a prosecuting attorney when those discussions do not result in a guilty plea. In this case, the defendant's counsel voluntarily provided the three videos from his consensual interview as part of his mitigation submission. The defendant's counsel also stated that he did not intend to use the video in his case-in-chief or for impeachment.

Additionally, filing a motion to compel could risk violating Rule 410's prohibition on using statements made during plea negotiations. *See United States v. Lewis*, 2013 U.S. Dist. LEXIS 164363 (holding the theory behind Rule 410 is that defendants will stop seeking plea negotiations if the government can use a defendant's statements in plea negotiations against him. Conduct by the government that threatens such a result should not lightly be condoned).

Moreover, because the defendant has disavowed any permissible evidentiary use

3

of the recording, it serves no proper purpose at trial. The defendant cannot introduce his own out-of-court statements to place self-serving hearsay before the jury without subjecting himself to cross-examination. Permitting the video's admission would allow precisely that kind of improper end-run around the hearsay rules. A pretrial order excluding the recording is therefore warranted to ensure the defendant does not attempt to rely on evidence he has previously stated he will not use.

Moreover, if the defendant intends to introduce the video in his case-in-chief, he must produce the recording in its entirety to the United States pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A), as part of his reciprocal discovery obligations.

Furthermore, under Federal Rule of Evidence 106—the rule of completeness—the defendant must produce the entire video. Rule 106 provides that if a party introduces all or part of a statement, the opposing party may require the introduction of any other portion, or any other related statement, that ought in fairness to be considered at the same time.

4

Accordingly, the United States seeks exclusion of the videos to prevent any unfair surprise and to ensure the orderly presentation of evidence at trial.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   /s/ *Bianca S. Bansal*
Bianca S. Bansal
Assistant United States Attorney
United States Attorney No. 230
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail: bianca.bansal@usdoj.gov

## CERTIFICATE OF CONFERRAL

I hereby certify that counsel for the United States conferred with defendant's counsel, Rudranath Rudy Ramjeawan, regarding the relief sought in this motion. The defendant's counsel does not oppose the relief sought herein.

/s/ *Bianca S. Bansal*
Bianca S. Bansal

5

**U.S. v. Peter Holly**                                   **Case No. 6:26-cr-17-CEM-NWH**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2026, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Rudranath Rudy Ramjeawan
Counsel for Defendant

/s/ *Bianca S. Bansal*
Bianca S. Bansal
Assistant United States Attorney
United States Attorney No. 230
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail: bianca.bansal@usdoj.gov
