UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 6:26-cr-17-CEM-NWH

PETER HOLLY

**THE UNITED STATES' MOTION IN LIMINE TO EXCLUDE UNRELATED ALIEN FILE DOCUMENTS**

In advance of trial in the above-captioned case, the United States respectfully requests that the Court preclude the defendant from using disclosed alien file documents of unrelated parties, as they are not relevant under FRE 401, or if this Court does find them to be relevant, any probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time under FRE 403. In support, the United States states the following:

**PROCEDURAL BACKGROUND**

On January 28, 2026, a federal grand jury returned an indictment charging the defendant with one count of false statement claiming citizenship to register to vote in violation of 18 U.S.C. § 1015(f) and one count of voting by aliens in violation of 18 U.S.C. § 611(a). Doc. 1. The United States provided discovery to the defendant on February 3, 2026. Included in the discovery production was the Defendant's complete certified copy of his A-file. This case is set for trial on October 26, 2026.

## ARGUMENT

The Defendant seeks to introduce sensitive records belonging to unrelated third parties included in the certified copy of the Defendant's alien file. (Doc. 51). These records are inadmissible because they are irrelevant under Federal Rule of Evidence 401 and, even assuming minimal relevance, must be excluded under Rule 403.

### A. The Third-Party Records Are Not Relevant Under Rule 401

The information the Defendant is attempting to introduce is not relevant under FRE 401. Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *United States v. Elliott*, 62 F.3d 1304, 1308 (11th Cir. 1995).

The third-party documents at issue concern individuals who are not parties to this prosecution, are not alleged to have participated in or facilitated the charged voter fraud offenses, and bear no connection to the Defendant's conduct, knowledge, or intent. The immigration documents of unrelated individuals have no bearing on whether the Defendant willfully registered to vote or voted unlawfully.

### B. The Inclusion of Unrelated Third-Party Records Does Not Bear on Witness Credibility

The mere inclusion of unrelated third-party documents in the Defendant's alien file does not render their contents relevant. The Government provided the Defendant with the complete alien file in an attempt to uncover any exculpatory evidence that could be used during trial. *See Brady v. Maryland*, 373 U.S. 83 (1963).

The Government, acting in good faith, requested the file from the U.S. Citizen and Immigration Services (USCIS), obtained a certified copy, and forwarded the certified copy to the Defendant. Contained in the certified copy of the Defendant's alien file were sensitive records belonging to unrelated third parties.

The Government has a good faith basis to believe that the Defendant will attempt to argue the inclusion of these documents in the Defendant's alien file somehow goes to the Government witness's credibility. Specifically, the lead Homeland Security Investigations (HSI) special agent, who will testify to his investigation of the Defendant, including a consensual interview where the Defendant allegedly admitted to knowing he was not a United States Citizen at the time of filling out the voter registration application.

Regardless, the inclusion of unrelated third-party documents in the Defendant's alien file does not affect the agent's credibility. Yes, the jury is finder of fact and weigher of credibility. We agree that they have "historically been entitled to assess all evidence which might bear on the ***accuracy*** and ***truth*** of a witness['es] testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984) (emphasis added). However, neither the contents of the documents nor the fact that they were disclosed establishes that the agent made a false statement, provided inaccurate testimony, fabricated evidence, or otherwise acted dishonestly in investigating or testifying in this case. In fact, the special agent on this case was not responsible for creating the certified alien file, rather it was USCIS. At most, the records establish that unrelated individuals were included in the production of the Defendant's alien file. Without

additional evidence connecting the disclosure to an act of dishonesty or misconduct by the specific HSI special agent, the mere fact that the disclosure occurred has no bearing on the accuracy or truth of the witness's anticipated testimony, nor does it make any fact of consequence more or less probable.

Further, the Government maintains that the special agent did not have the authority to exclude the disclosed materials. The HSI special agent requested a certified copy of the Defendant's alien file from USCIS. Any attempt or act by the special agent to conceal certain information or documents, including the disclosed materials, would have materially altered the certified copy of the alien file. Thus, preserving the certified copy without alteration was the proper course of action, not an improper one.

The Defendant should not be permitted to introduce unrelated parties' sensitive information obtained through the disclosure of discovery materials, because the records do not make any fact of consequence more or less probable and lack any material connection to the agent's credibility. The Government respectfully requests that the Defendant be precluded from mentioning, referencing, attempting to elicit testimony regarding, or introducing the disclosed alien file documents of unrelated parties under Federal Rule of Evidence 401.

### C. If This Court Determines That the Documents Are Relevant, They Should Still Be Excluded Under Federal Rules of Evidence 403

If this Court determines that the disclosed alien file documents of unrelated parties are relevant, they should nonetheless be excluded under Federal Rule of

Evidence 403. The rule provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Government argues that the probative value regarding any testimony, mention, reference, or attempt to introduce these documents is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.

Any relevance the documents may contain is substantially outweighed by the risk that the jury will misconstrue the discovery disclosure as evidence that the agent's testimony is unreliable. Additionally, allowing the defense to introduce this information and cross-examine the agent would amount to a collateral attack. It would create a mini trial in which the Government would be required to explain how the certified file was assembled, identify who included the unrelated documents, and distinguish USCIS's file-certification process from the agent's conduct. The trial would then shift to an administrative mistake involving individuals unconnected to this case, rather than focusing on whether the Defendant committed the charged offenses.

Any inquiry into this matter would be unfairly prejudicial, confuse the issues, mislead the jury, cause undue delay, and waste time. "The extent of cross-examination with respect to the credibility of a witness is within the sound discretion of the trial court." *United States v. Darwin*, 757 F.2d 1193, 1202 (11th Cir. 1985);

*United States v. Holman*, 680 F.2d 1340 (11th Cir. 1982). Further, it is the duty of the court, when determining admissibility, to balance many factors including: the time necessary for presenting evidence; the potential for delay; how directly it tends to prove the fact in support of which it is offered; how important or trivial the fact sought to be proved is; the potential for confusion of the issues or misleading the jury; and whether the fact sought to be proved can be proved in another way involving fewer harmful collateral effects. See *People v. Oliphant*, 399 Mich. 472, 490 (1976).

Accordingly, the United States seeks the exclusion of any testimony, reference, mention, or attempt to introduce the disclosed alien file documents of unrelated individuals under Federal Rules of Evidence 401 and 403.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: /s/ *Bianca S. Bansal*
Bianca S. Bansal
Assistant United States Attorney
United States Attorney No. 230
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: bianca.bansal@usdoj.gov

**<u>CERTIFICATE OF CONFERRAL</u>**

I hereby certify that counsel for the United States conferred with defendant's counsel, Rudranath Rudy Ramjeawan, regarding the relief sought in this motion. The defendant's counsel opposes the relief sought herein.

*<u>/s/ Bianca S. Bansal</u>*
Bianca S. Bansal

**U.S. v. Peter Holly** **Case No. 6:26-cr-17-CEM-NWH**

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Rudranath Rudy Ramjeawan
Counsel for Defendant

*/s/ Bianca S. Bansal*
Bianca S. Bansal
Assistant United States Attorney
United States Attorney No. 230
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: bianca.bansal@usdoj.gov